820 F.2d 405
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Benjamin GORDON; Pauline Gordon; and B & G Associates,
Plaintiffs-Appellants,
v.
Raymond DeRYCK, Defendant-Appellee.
 No. 86-1484.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1987.
 
 Before KEITH, KENNEDY and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants Benjamin and Pauline Gordon, and B & G Associates, Inc. ("plaintiffs") appeal the District Court's order granting the motion of defendant-appellee Raymond DeRyck ("defendant") to dismiss plaintiffs' complaint. Plaintiffs claim on appeal that the District Court erred in finding that plaintiffs did not state a cause of action under 42 U.S.C. Sec. 1983 on the ground that they did not plead and prove the absence of adequate state remedies.
 
 
 2
 Plaintiff Benjamin Gordon operated a retail clothing and appliance store located at 10338 Woodward Avenue as B & G Associates, Inc. ("B & G"). Although Gordon believed that his business was a corporation and plaintiff B & G openly did business as a corporation, it had never been registered as such. Manchester Mode was a national wholesaler of women's apparel that sold goods to plaintiff. Manchester Mode delivered goods to plaintiff B & G in January of 1981. B & G did not pay the bill and does not deny indebtedness of $351.98. In September of 1981, Manchester Mode retained the law firm of Kahn & Kahn to collect the debt.
 
 
 3
 Attorney Steven Makowski of the Kahn & Kahn firm filed suit in the 36th District Court of Detroit against a Bernard L. Plater, d/b/a B & G Associates. He obtained this name and an address from the records of the Assumed Names Division of Wayne County. These records showed that Mr. Plater was doing business under the assumed name of B & G Associates. Mr. Plater is completely unrelated, however, to any of the plaintiffs in the case before this Court. On February 11, 1982, a District Court bailiff in Makowski's case filed proof of having made service on an agent for Mr. Plater. Under Detroit District Court Rule 105, in addition to leaving a summons and a copy of the complaint with a person in charge of the business, a summons and copy of the complaint must be mailed by registered mail to the individual at his usual place of abode. The court file does not indicate that this was done. On February 26, 1982, the court clerk entered the default of Mr. Plater for failure to appear. On March 8, 1982, a default judgment for $415.20 was entered against Mr. Plater, d/b/a B & G Associates.
 
 
 4
 On April 21, 1982, defendant DeRyck, a bailiff of the Detroit District Court, went to 10338 Woodward, the location of plaintiff B & G, to levy. DeRyck showed his badge and identified himself, but did not show a copy of the writ of execution. Gordon informed DeRyck that the property was his and in fact was subject to a Wayne Circuit Court Receivership. DeRyck spoke by telephone to Gordon's attorney and verified these statements. DeRyck later testified that at this point in the proceedings he had doubts as to the legality of the writ. DeRyck nevertheless proceeded to select and remove merchandise that he later sold for seventy dollars. On June 9, 1982, DeRyck appeared for a second time at 10338 Woodward. Plaintiffs' bookkeeper was the only person present at the time. DeRyck again identified himself and stated that he was there to levy and would return later that day. He returned with three other people and a moving van. He removed everything in the store and gave the bookkeeper a receipt for some items. He did not show her a writ of execution.
 
 
 5
 Plaintiffs filed suit in Wayne County Circuit Court on October 11, 1982, alleging damages due to wrongful seizure of plaintiffs' goods. Plaintiffs named as defendants Midlantic Commercial Corporation, factor of Manchester Mode; Kenneth F. Kahn, individually and as Kahn & Kahn; Stephen R. Makowski; and Raymond DeRyck. The state court granted summary judgment in favor of all defendants except DeRyck, on the basis that plaintiffs failed to name the real plaintiff in interest, B & G. In July of 1985, plaintiffs appealed the order granting summary judgment to the Michigan Court of Appeals. The appeal is still pending. The original suit remains active in Wayne County Circuit Court as to defendant DeRyck.
 
 
 6
 On June 10, 1985, plaintiffs filed a second suit in Wayne County Circuit Court, naming the same defendants, with the exception of one. Plaintiffs alleged the same claims and added B & G as a party plaintiff. On June 28, 1985, defendants sought removal of the second suit to the District Court for the Eastern District of Michigan. They successfully argued that plaintiffs' pleadings presented a federal question under section 1983. On October 11, 1985, the District Court granted summary judgment in favor of defendants Midlantic Commercial Corp., Kenneth Kahn, and Stephen Makowski, finding that plaintiffs' claim was barred by res judicata. On April 30, 1986, the Court entered an order of dismissal for failure to state a claim against DeRyck upon which relief could be granted. Plaintiffs appeal this order of dismissal.
 
 
 7
 In Victory v. Walton, 721 F.2d 1062 (6th Cir.1983), cert. denied, 469 U.S. 834 (1984), this Court held that a plaintiff must plead and prove the absence of adequate state remedies in a procedural due process case under section 1983. The Court stated that "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." Id. at 1066. It reasoned that "[p]olicy considerations do not require a federal hearing in procedural due process cases that can be corrected in state court." Id. at 1065. In the case before this Court, plaintiffs do not deny that they failed to plead and prove the absence of adequate state remedies. The District Court found that "it is crystal clear that the plaintiff has not fulfilled the requirements of Viceroy [sic]." Joint Appendix at 89. It held that plaintiff failed to state a claim and dismissed the section 1983 claim against defendant DeRyck. We affirm the District Court's decision dismissing the federal claim.